# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

**INVALUABLE, LLC**, and **AUCTIONZIP, LLC** ,

                Plaintiffs,

v.

**STORAGE UNIT AUCTION LIST, LLC**,
d/b/a AuctionZing and auctionzing.com,

                Defendant.

**CIV. ACTION NO. 14-13060**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, Invaluable, LLC ("Invaluable") and AuctionZip, LLC (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as their Complaint against Defendant Storage Unit Auction List, LLC, doing business as AuctionZing and auctionzing.com ("AuctionZing" or "Defendant") as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, and dilution under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(a) and (c), unfair trade practices and dilution under Mass. Gen. Laws ch. 93A, §§ 2 and 11, ch. 110H, § 13, and the common law of the State of Massachusetts.  Plaintiffs own and operate the well-known AuctionZip online auction marketplace.  To distinguish their services, Plaintiffs utilize a federal trademark registration for Invaluable's mark AUCTIONZIP.  This action arises out of Defendant's unauthorized current and planned continued use of the confusingly similar name AUCTIONZING to advertise and promote competing services offered primarily through a web site that Defendant launched within the past few months.  In this action, Plaintiffs seek preliminary and permanent injunctive relief and damages against Defendant, in order to prevent further infringement of their valuable mark and the irreparable harm that such infringement will cause.

## PARTIES

2.      Plaintiff Invaluable is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 38 Everett Street, Boston, Massachusetts 02134.  Invaluable is the world's largest online auction marketplace of

fine and decorative arts, antiques, collectibles and estate sales, operated through three properties, one of which is auctionzip.com, using the federally registered AUCTIONZIP mark.

3.      Plaintiff AuctionZip, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 113 West Pitt Street, Suite C, Bedford, Pennsylvania 15522.  AuctionZip, LLC and Invaluable are related companies, and AuctionZip, LLC also uses the AUCTIONZIP Mark pursuant to Invaluable's authorization.

4.      Upon information and belief, Defendant Storage Unit Auction List is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 14 S. Pack Square, Suite 406, Asheville, North Carolina 28001. Storage Unit Auction List owns and operates a web site providing online auction services at www.auctionzing.com under the trade name AUCTIONZING and/or AUCTIONZING.COM ("the AUCTIONZING Mark").  Although Defendant describes AUCTIONZING as a subsidiary in its promotional materials, upon information and belief AuctionZing has no separate corporate existence apart from Storage Unit Auction List, and Defendant has not filed separate documents of incorporation for AuctionZing with any state agency.

5.      Defendant promotes its services through, among other means, a Twitter handle of @AuctionZing, at which it represents to the public that "AuctionZing is … owned and operated by Storage Unit Auction List.…"  A true and accurate copy of AuctionZing's Twitter profile page is attached as Exhibit 1, and is incorporated herein by reference.  Defendant further promotes its services through a Facebook page at facebook.com/pages/Auction-Zing, at which it also states "AuctionZing.com is … owned and operated by StorageUnitAuctionList.com.…"  A true and accurate copy of AuctionZing's Facebook profile page is attached as Exhibit 2, and is

incorporated herein by reference.  Defendant also promotes its services through a Tumblr blog, at

which it also states, "AuctionZing is a highly advanced online auction platform that is owned and

operated by StorageUnitAuctionList.com…."  A true and accurate copy of AuctionZing's

Tumblr profile page is attached as Exhibit 3, and is incorporated herein by reference.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. § 1331 because Counts I and II of this Complaint arise under the laws of the United

States.  This Court has supplemental jurisdiction of the remaining closely related counts arising

under Massachusetts law pursuant to 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over Defendant because, upon information

and belief, Defendant has, at a minimum, promoted and advertised its services to auction sellers

and buyers in Massachusetts, and has transacted business with auction sellers and buyers in

Massachusetts, and has utilized the infringing mark in connection with these activities.

8.      Among other activities, Defendant actively promotes its services to potential

auction buyers and sellers in Massachusetts, and provides a "Massachusetts" web page

specifically listing live and upcoming auctions within the state, organized by location.  A true

and accurate copy from Defendant's web site materials is attached as Exhibit 4, and is

incorporated herein by reference.  Defendant's web site advertises that it "has data for all 50

states," and further states that "we take the time to research, verify and organize each state's

scheduled auctions so you'll know when and where auctions are taking place."  True and

accurate copies from Defendant's web site materials are attached as Exhibits 5 and 6, and are

incorporated herein by reference.

9.      Defendant's web site further provides a "Massachusetts Regional Auction List,"

with a map showing the locations of all of its listed auctions within Massachusetts and nearby

3

locations.  A true and accurate copy from Defendant's web site materials is attached as Exhibit 7, and is incorporated herein by reference.  Defendant's web site further displays the most recent auctions added within the past hour in Massachusetts, and provides prospective customers with a description entitled "About Auctions in Massachusetts."  *Id.*

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and/or 1391(c) because Defendant resides and/or does business, and is subject to personal jurisdiction in this District.  Further, a substantial part of the events giving rise to Plaintiffs' claims have occurred and/or will occur in the District of Massachusetts.

## FACTS

**A.     Invaluable's AUCTIONZIP Mark**

11.     Invaluable has built and enjoys a reputation as the world's largest online auction marketplace of fine and decorative arts, antiques, collectibles and estate sales.  Through its online auction marketplace properties, more than 30 million bidders per year gain access to the virtual salesrooms of the world's premier auction houses.  Invaluable's live online bidding platform allows collectors to bid in real-time on auctions held around the world.  Bidders can locate, search, and buy from over 160,000 auctions annually with a combined value of over $25 billion.

12.     Invaluable owns and operates three properties in connection with its online auction marketplace, one of which is auctionzip.com.  More than 25,000 professional auctioneers and 13 million auction buyers per year list and/or find auctions at auctionzip.com.  Every week, auctionzip.com lists thousands of new items at auction, and live auctions around the world.

13.     Invaluable uses its AUCTIONZIP mark in commerce in connection with the auctionzip.com online auction web site.  At www.auctionzip.com, users can conduct an online search for auctions, using specific keywords, auction categories, and/or locations.  In addition,

users can search for auctions and determine the locations of the auctions.  The auctionzip.com site also features "state home pages," by which users can focus their search for auctions to a specific state.

14.    Invaluable and its predecessor have continuously used the AUCTIONZIP mark in commerce in connection with online auction services since at least as early as 2003.

15.    The AUCTIONZIP mark is prominently featured on Plaintiffs' web site, promotional and advertising materials, and other materials.

16.    Invaluable is the owner of the following valid, subsisting U.S. trademark registration for the AUCTIONZIP mark:  U.S. Goods and Services Mark Registration No. 3141409 for AUCTIONZIP for "providing a search engine for obtaining the location of live auctions on a global computer network," in International Class 42, registered on September 12, 2006.  A true and accurate copy of Invaluable's trademark registration is attached hereto as Exhibit 8 and is incorporated herein by reference.  The foregoing, together with Plaintiffs' common law use of the mark, are collectively referred to as the "AUCTIONZIP Mark."

17.    On or about August 1, 2012, Invaluable filed a combined declaration of use and incontestability under Sections 8 and 15 for the AUCTIONZIP Mark establishing that, inter alia, the mark was in use in commerce with all the goods or services listed in the registration, and that the mark had been continuously used in commerce for five years after the date of registration or date of publication under Section 12(c).

18.    On or about August 21, 2012, the United States Trademark Office issued a Notice of Acceptance for Invaluable's combined declaration for the AUCTIONZIP Mark under Sections 8 and 15.

19.     Consistent with the trademark registration, Plaintiffs have provided and continue to provide an online search engine for locating live auctions on the internet utilizing the AUCTIONZIP Mark.

20.     Plaintiffs extensively promote their goods and services using the AUCTIONZIP Mark through a variety of trade channels, including the Internet through a website at auctionzip.com, in addition to social media, directory listings, chambers of commerce, and magazine and newspaper publications distributed nationwide and internationally.

21.     The auctionzip.com site is used by millions of buyers and sellers from throughout the United States, including the Commonwealth of Massachusetts.

22.     Significant amounts of time, effort and money have been devoted to advertising, promoting, marketing and developing the AUCTIONZIP Mark and to assure the provision of only high quality services and goods thereunder.

23.     Invaluable exercises high quality control standards over use of the AUCTIONZIP Mark to ensure that Invaluable's services and goods associated with the Mark are of high quality. Accordingly, Invaluable's services and goods utilizing the Mark have a reputation for being of high quality in the United States and throughout the world.  Invaluable's services and related goods provided under the Mark have consistently high reviews and wide popularity in the United States and abroad.

24.     As a result of extensive marketing and promotional efforts, the public has come to exclusively associate the AUCTIONZIP Mark with Plaintiffs and the services and goods provided by Plaintiffs.

25.     The extraordinary and longstanding commercial success of auctionzip.com over many years has fostered wide renown with the trade and consuming public.

26.     The AUCTIONZIP Mark has acquired and maintained distinctiveness among the public – symbolizing the substantial and material goodwill that Plaintiffs have created and fostered for the Mark throughout the United States and internationally.

27.     The AUCTIONZIP Mark became distinctive prior to the Defendant's infringing conduct giving rise to this lawsuit.

**B.      Defendant's Violation of Plaintiffs' Intellectual Property and Unfair Competition**

28.     Defendant owns, operates, and/or markets the auctionzing.com web site and related services.

29.     Upon information and belief, Defendant launched the auctionzing.com web site on or about May 13, 2014.

30.     Defendant provides an online search engine for obtaining the location of live auctions on a global computer network, namely the world wide web.  Through Defendant's web site at www.auctionzing.com, a buyer or seller can conduct an electronic search through which it can determine the location of live online auctions.  A buyer can then participate in such an auction.  Likewise, sellers can register with auctionzing.com and list their own auctions, which, again, can be found by buyers using the auctionzing.com web site.

31.     By way of example, a buyer could use Defendant's auctionzing.com web site to initiate an electronic search for the keyword "Dodge" within a 500 mile radius of Stockton, California 95206.  A true and accurate copy from Defendant's web site materials is attached as Exhibit 9, and is incorporated herein by reference.  The search results returned to the user as of July 15, 2014, would show that a 1997 Dodge Ram truck was being auctioned at the location of Santee, CA, the time remaining to participate in the auction, with a link to access the current auction history and a digital "button" allowing the buyer to bid on the truck.  A true and accurate

copy from Defendant's web site materials is attached as Exhibit 10, and is incorporated herein by reference.

32.     Defendant has begun and will continue to advertise and promote its services to the public, and Defendant is currently accepting registrations from buyers and sellers to participate in auctions at the auctionzing.com web site.

33.     Defendant's services in connection with AUCTIONZING, and its use of the infringing AUCTIONZING Mark, are and will continue to be in interstate commerce.

34.     Defendant targets the same prospective customers and promotes its services through the same channels of trade as AUCTIONZIP, including web sites, social media, and national and local advertising media.

35.     Defendant's AUCTIONZING mark is materially similar and virtually identical in appearance, sound and connotation to the AUCTIONZIP Mark, creating the same and/or confusingly similar commercial impression.

36.     The first nine letters of Invaluable's and Defendant's marks are identical; and the AUCTIONZING Mark utilizes the principal portion of Invaluable's AUCTIONZIP Mark.

37.     The words "zip" and "zing" are synonymous.

38.     Defendant's use of the AUCTIONZING Mark is without Plaintiffs' permission or consent.

39.     Defendant's adoption and use of the confusingly similar AUCTIONZING Mark gives rise to a likelihood of consumer confusion as to source, sponsorship, relationship and/or affiliation as between Defendant and Plaintiffs and the Defendant is violating Plaintiffs' longstanding and extensive intellectual property rights in the AUCTIONZIP Mark.

40.     Defendant's use of the confusingly similar AUCTIONZING Mark will weaken and dilute the distinctive nature of the AUCTIONZIP Mark.

41.     Defendant's use of the AUCTIONZING Mark is now causing, and will continue to cause, irreparable harm, damage and injury to Plaintiffs.

42.     Defendant's use of the AUCTIONZING Mark has and will continue to cause confusion, deception, harm and injury to the public.

**C.     Defendant's Willful Misappropriation of Plaintiffs' Intellectual Property**

43.     Defendant has adopted, is using, and plans to continue using the infringing AUCTIONZING Mark with the intent and purpose of trading on the extensive goodwill built up by Plaintiffs in the federally registered AUCTIONZIP Mark and to reap the benefits of years of effort and investment by Plaintiffs to create high public recognition and regard for the AUCTIONZIP Mark and the association of that Mark with high quality online auction services.

44.     Plaintiffs' use of and rights in the AUCTIONZIP Mark were well-established long before Defendant's adoption and use of the AUCTIONZING Mark.

45.     Upon information and belief, Defendant had actual knowledge of Plaintiffs and the AUCTIONZIP Mark prior to adopting and using the AUCTIONZING mark for its similar services.

46.     Defendant also had constructive knowledge and should have known of the AUCTIONZIP Mark prior to adopting and using the AUCTIONZING Mark, because of the publication and issuance of the U.S. Trademark Registration comprising the AUCTIONZIP Mark.

47.     Despite having actual and/or constructive knowledge of Plaintiffs' rights to the AUCTIONZIP Mark, Defendant adopted, used, and plans to continue using, the infringing AUCTIONZING Mark in connection with the same and/or highly similar services.

48.     Defendant's willfulness is further evidenced by Defendant's failure to cease its infringing conduct despite being put on notice of Plaintiffs' trademark rights.

49.     Prior to the filing of this Complaint, Plaintiffs' counsel sent a letter to Defendant advising it of Invaluable's trademark rights and demanding that Defendant immediately cease its illegal activities.

50.     Defendant has failed or refused to cease its infringing activities.

51.     Defendant has acted in bad faith by selecting and using a confusingly similar name giving rise to the likelihood of consumer confusion as to source, sponsorship, relationship and/or affiliation with Plaintiffs and intentionally attempting to trade on the substantial goodwill developed in the AUCTIONZIP Mark within the online auction industry and among the consuming public.

52.     Defendant's activities as complained of herein are knowing, willful and deliberate violations of Plaintiffs' rights.

53.     Plaintiffs have a partial but incomplete and inadequate remedy at law, because the harm to the goodwill associated with the AUCTIONZIP Mark resulting from the Defendant's infringement cannot be fully quantified.  Unless the Defendant's ongoing infringing acts are restrained and enjoined by this Court, the resulting damage to Plaintiffs will be substantial, continuing and irreparable.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

54.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 53 as if fully set forth herein.

55.     Defendant's activities as complained of herein constitute trademark infringement of Invaluable's registered AUCTIONZIP Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     Defendant's use of the infringing AUCTIONZING Mark is made without Invaluable's consent or authorization.

57.     Defendant's unauthorized use of the infringing AUCTIONZING mark is likely to cause confusion, mistake, or deception as to the source of Defendant's services, and the sponsorship, affiliation or approval of Defendant's services by Plaintiffs.

58.     Defendant has infringed on Invaluable's AUCTIONZIP Mark with actual and/or constructive knowledge of the long and extensive prior use of the mark by Plaintiffs.

59.     Defendant's conduct is causing immediate and irreparable injury to Plaintiffs, and to their goodwill and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION

60.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 59 as if fully set forth herein.

61.     Defendant's use of the infringing AUCTIONZING Mark in connection with online auction services is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, a false description and representation of Defendant's services and a false representation that Defendant's services are sponsored, endorsed, licensed, or authorized by, and/or affiliated or connected with Plaintiffs.

62.     Defendant has used, plans to use and/or continue to use the infringing AUCTIONZING Mark in connection with its services with full knowledge of the long and extensive prior use of the AUCTIONZIP Mark by Plaintiffs.

63.     Defendant's acts constitute unfair competition, false designation of origin, and palming off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

64.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## COUNT III

### INJURY TO BUSINESS REPUTATION - DILUTION

65.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 64 as if fully set forth herein.

66.     Invaluable's AUCTIONZIP Mark is distinctive and was distinctive prior to Defendant's unauthorized use of such mark within the meaning of Mass. Gen. Laws, ch. 110H, § 13.

67.     Defendant's actions as described have caused diminution in the uniqueness and individuality of the AUCTIONZIP Mark and constitute dilution of the distinctive quality of the AUCTIONZIP Mark, in violation of Mass. Gen. Laws, ch. 110H, § 13.

68.     Defendant's conduct has damaged Plaintiffs in an amount that is as yet undetermined, and has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT

69.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 68 as if fully set forth herein.

70.     Invaluable's AUCTIONZIP Mark functions as a source-identifier for Plaintiffs' services, and related goods, and is entitled to trademark protection.

71.     Defendant's use of AUCTIONZING is confusingly similar to Invaluable's AUCTIONZIP Mark and is likely to cause consumer confusion.

72.     Defendant's conduct constitutes trademark infringement in violation of the common laws of the State of Massachusetts.

73.     Defendant's conduct is causing immediate and irreparable injury to Plaintiffs, and to their goodwill and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

74.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 73 as if fully set forth herein.

75.     Defendant was aware, or should have been aware, of Plaintiffs' prior use and Invaluable's registration of the AUCTIONZIP Mark, and Defendant adopted and is using the AUCTIONZING Mark in disregard of Plaintiffs' rights.

76.     Defendant's use of the infringing AUCTIONZING Mark is readily susceptible to customer confusion or deception and is likely to confuse or mislead the public generally to believe they were utilizing services from Plaintiffs, or services otherwise sponsored, endorsed, licensed, authorized by and/or affiliated or connected with Plaintiffs.

77.     Defendant's conduct constitutes unfair competition in violation of the common laws of the State of Massachusetts.

78.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## COUNT VI

### UNFAIR TRADE PRACTICES UNDER MASSACHUSETTS LAW

79.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 78 as if fully set forth herein.

80.     At all relevant times, Plaintiffs engaged in trade or commerce as defined by Mass. Gen. Laws, ch. 93A, § 1.

81.     Defendant has intentionally and/or willfully engaged in unfair and deceptive acts or practices prohibited by Mass. Gen. Laws, ch. 93A, § 2, including, without limitation, the intentional appropriation of the valuable goodwill that Plaintiffs have created in the AUCTIONZIP Mark by and through the advertisement, promotion and other use of the AUCTIONZING Mark to sell its competing services.

82.     As a result of Defendant's intentional and/or willful and deceptive acts and practices, Plaintiffs have lost, and will continue to lose, substantial money and property.

83.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court order the following relief:

A.     Enter judgment in favor of Plaintiffs and against the Defendant on each Count of this Complaint, and award damages on each Count in an amount to be determined by a jury, or by the Court where appropriate;

B.     Award Plaintiffs treble, or no less than double, their damages under Count VI of this Complaint as a result of Defendant's knowing and/or intentional violation of Mass. Gen. Laws ch. 93A, § 2;

C.     Temporary, preliminary and permanent injunctions restraining and forbidding Defendant, and all of Defendant's principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, from:

(i)     using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin: AUCTIONZING, AUCTIONZIP, any name or mark incorporating AUCTIONZING or AUCTIONZIP, and/or any other confusingly similar variation or colorable imitation of the AUCTIONZIP Mark in any manner or form, and/or any other name, mark, logo or trade dress owned or used by Plaintiffs or any of their affiliates, on or in connection with any business, goods or services, or in the marketing, advertising and promotion of same;

(ii)    using any false designation of  origin or  false description or  making or displaying any statement or representation which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any goods or services advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved or authorized by Plaintiffs;

(iii)   causing a likelihood of confusion or injury to Plaintiffs' business reputation or to the distinctiveness of the AUCTIONZIP Mark by any unauthorized use of the same;

(iv)    engaging in any other activity constituting unfair competition with

15

Plaintiffs, constituting an infringement of the AUCTIONZIP Mark, or otherwise interfering with Plaintiffs' rights to use or to exploit the same;

(v)    registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin AUCTIONZING, AUCTIONZIP, any name or mark incorporating AUCTIONZING or AUCTIONZIP, or any other confusingly similar variation or colorable imitation of the AUCTIONZIP Mark;

(vi)   assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(v) above.

D.    Enter an order requiring Defendant to refrain from attempting to register AUCTIONZING or any mark consisting of, containing, or confusingly similar to the AUCTIONZIP Mark, either alone or in combination with other words and/or designs, and/or any name, mark, logo or trade dress owned or used by Plaintiffs or any of their affiliates, and to voluntarily cancel with prejudice any registration that may issue from any such applications previously filed;

E.    Order an accounting by Defendant of any profits derived in any way from Defendant's infringing acts and conduct;

F.    Award Plaintiffs prejudgment interest;

G.    Award Plaintiffs their reasonable attorney fees and their costs of the lawsuit pursuant to any applicable law; and

H.    Award such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated: July 21, 2014

Respectfully submitted,

INVALUABLE LLC, and AUCTIONZIP, LLC

*/s/* Srikanth Reddy
Srikanth Reddy, BBO #: 669264
Ryan E. Thomas, Of Counsel, BBO #: 681374
Goodwin Procter LLP
53 State Street
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231
Email: sreddy@goodwinprocter.com
       rthomas@goodwinprocter.com

David M. Young, Of Counsel (application for
admission *pro hac vice* filed concurrently herewith)
Virginia Bar No. 35997
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Phone:  (202) 346-4257
Fax:  (202) 346-4444
Email:  dyoung@goodwinprocter.com

***Attorneys for Plaintiffs***
***Invaluable, LLC and AuctionZip, LLC***